JAMES W. DELANEY'S ADMR. ET AL. *v.* GEO. T. DELANEY ET AL.

**Wife's Inheriting Real Estate.**

When a wife inherits real estate from her father, and in a partition suit it is ordered sold and is purchased by the wife and others interested as heirs, but conveyance is afterward made to the husband, the wife owns it; and it is immaterial whether there is any evidence of a promise on the part of the husband to convey or have conveyed to his wife. It is, in effect, allotted to her in the division of her father's estate, and to the extent of her interest the title stands as if there had been no conveyance to the husband. It is not like a case where the husband has reduced his wife's choses-in-action or her personal property to possession, and then makes use of it in paying for property the title to which he takes to himself, for in such case the wife takes no interest in the property unless there was an agreement, prior to the reduction of the personalty, that she should have an interest in the property into which it should be converted.

APPEAL FROM UNION CIRCUIT COURT.

February 19, 1881.

OPINION BY JUDGE HINES:

It appears to us that the judgment of the court below is correct. The record in the case of the *Pool Heirs v. Heirs of Henshaw* was a suit for a division of the estate between the heirs. As the most convenient method of reaching this end, the property was sold under decree and purchased by the heirs, and was in effect a division of the property between the heirs by consent. At that sale J. W. Delaney became the purchaser of the 234 acres of land in controversy, and executed his two bonds for $300 each, upon one of which is indorsed a credit of $250. No other credits are indorsed upon the bonds and no other evidence that they are satisfied by paying money. In April, 1852, the commissioner, under an order of the court, made a deed to the land to J. W. Delaney, in which there is no reference as to how the $600 were paid. The oral evidence in the case tends strongly to the conclusion that the land came to Mrs. Sarah Delaney from the estate of her father, and taken in connection with the facts shown by the record for the division of her father's estate the court was authorized to conclude, and evidently did conclude, that the land in controversy in effect descended to Mrs. Sarah Delaney from her father, and that J. W. Delaney held the title in trust for her, except to the extent that he had paid on the so-called purchase.

With this view of the evidence in the case it seems immaterial whether there is any evidence of a promise or agreement on the part of J. W. Delaney to convey or have the land conveyed to his wife. It is, in effect, allotted to her in the division of her father's estate, and to the extent of her interest the title stands as if there had been no conveyance to J. W. Delaney. It is not a case where the husband has reduced his wife's choses-in-action or her personal property to possession, and then makes use of the same in paying for property, the title to which he takes to himself. In such case the wife takes no interest in the property so purchased unless there was an agreement, prior to the reduction of the personalty to possession, that she should have an interest in the property into which it should be converted. Prior to the adoption of the Revised Statutes there would be no resulting trust in favor of the wife in real

estate purchased by her husband with her general estate which he had reduced to possession.

It is not material in this controversy to inquire whether Mrs. Sarah Delaney received more than her share in her father's estate. The fact, if it existed, would be only a circumstance tending to the conclusion that she did not get the land as her part of the estate. But if it were material to determine this matter there is not enough in the record to conclude the question one way or the other. 1 Perry on Trusts (4th ed.), §§ 124, 128; *Jas. M. Shepherd v. Polly Sharp*, 10 Ky. Opin. 885, 1 Ky. L. 418.

As the court has made no final disposition of the rights of the creditors to have the five-twelfths of the land belonging to the heirs of J. W. Delaney sold, they have no right to complain, except as to the ruling of the court in holding the heirs of Sarah Delaney entitled to seven-twelfths of the land, and that question we have determined.

Judgment *affirmed*.

*W. P. D. Bush, Jesse S. Taylor, for appellants.*
*A. Duvall, D. H. Hughes, for appellees.*